Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
12 Desbrosses St
New York, NY 10013
Tel: (646) 723-4376
Fax: (212) 226-7186

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PEDRO BUENO,

        Plaintiff,

v.

2164 REALTY LLC, ASTORIA TOWER 31
LLC, REALTY 35 LLC, JOHN DOE
CORPORATION 1, JOHN DOE
CORPORATION 2, JOHN DOE

        Defendants.
-----------------------------------------------------------x

Index No.:

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant 2164 Realty LLC ("2164 Realty") is a New York corporation located at 18-29 27th Ave, Astoria, NY 11102. Upon information and belief, 2164 Realty has an annual gross volume of sales in excess of $500,000.

5. Defendant Astoria Tower 31 LLC ("Astoria Tower 31") is a New York corporation located at 18-29 27th Ave, Long Island City, NY 11102. Upon information and belief, Astoria Tower 31 has an annual gross volume of sales in excess of $500,000.

6. Defendant Realty 35 LLC ("Realty 35") is a New York corporation located at 18-29 27th Ave, Astoria, NY 11102. Upon information and belief, Realty 35 has an annual gross volume of sales in excess of $500,000.

7. Upon information and belief, Defendant John Doe Corporation 1 is a New York corporation located at 18-29 27th Ave, Astoria, NY 11102. Upon information and belief, John Doe Corporation 1 has an annual gross volume of sales in excess of $500,000.

8. Upon information and belief, Defendant John Doe Corporation 2 is a New York corporation located at 18-29 27th Ave, Astoria, NY 11102. Upon information and belief, John Doe Corporation 2 has an annual gross volume of sales in excess of $500,000.

9. Upon information and belief, Defendants 2164 Realty, Astoria Tower 31, Realty 35, John Doe Corporation 1, and John Doe Corporation 2 ("Corporate Defendants") each own, operate or maintain separate apartment buildings, all located in or around Astoria, NY.

10. Upon information and belief, at all relevant times, Corporate Defendants formed a single integrated enterprise and/or were joint employers within the meaning of the FLSA.

11.     Upon information and belief, Corporate Defendants shared the same principal office, located at 18-29 27th Ave, Astoria, NY 11102; the same supervisor, Jorge (last name unknown); and the same owner, Defendant John Doe.

12.     Upon information and belief, Defendant John Doe owns the Corporate Defendants and exercises sufficient control of the companies' day to day operations to be considered Plaintiff's employer under the FLSA and New York law. John Doe is known to Plaintiff as Franco.

13.     Specifically, Defendant John Doe has the power to hire and fire Corporate Defendants' employees and control their conditions of employment.

14.     For example, Defendant John Doe hired Plaintiff in or around 2009.

15.     Further, Defendant John Doe sets employees' schedules and regularly directs employees' work at apartment buildings.

16.     Plaintiff Pedro Bueno ("Plaintiff") worked for Defendants as a carpenter, renovating and maintaining apartments in all of Defendants' buildings from in or around 2009 to October 18, 2013. Plaintiff reported to the same supervisor regardless of which building he was working in.

**FACTS**

17.     Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

18.     Defendants knew that nonpayment of overtime and failure to provide required notices violated federal and state laws.

19.     In or around 2009, Plaintiff began working for Defendants as a carpenter.

3

20. Throughout his employment, Plaintiff usually worked approximately fifty-four and one half (54.5) hours per week. However, typically once per month, Plaintiff worked approximately forty-six and one half (46.5) hours per week.

21. Throughout Plaintiff's employment, Defendants paid Plaintiff $22 per hour for all hours worked.

22. Defendants did not pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per week.

23. Defendants never provided Plaintiff with the notices required by New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

26. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff has been and is entitled to overtime.

27. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

28. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.* N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.2)

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

31. Throughout the relevant statute of limitations period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

32. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

34. Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

35. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, to be paid by Defendants;

B. Liquidated damages and penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
October 29, 2013

Respectfully submitted,

By: /s/ Finn Dusenbery
Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
12 Desbrosses St
New York, NY 10013
Tel: (646) 723-4376
Fax: (212) 226-7186

*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.